UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, *et al.*,
*ex rel.* SCOTT MILLARD, *et al.*,

Plaintiffs,

v.

ABBOTT LABORATORIES,

Defendant.

______________________________/

Case No. 1:22-cv-994

Hon. Hala Y. Jarbou
Chief United States District Judge

Hon. Sally J. Berens
United States Magistrate Judge

**REPORT OF THE UNITED STATES OF AMERICA**
**REGARDING SEALED PRE-INTERVENTION FILINGS**

The United States of America ("United States") hereby requests that all pre-intervention docket entries be unsealed, **except** that the following be entered on the public docket only in redacted form:

1. Memorandum of Law in Support of the United States of America's *Ex Parte* Application for a One-Hundred-and-Eighty Day Extension of Time to Consider Election to Intervene, filed December 20, 2022 (ECF No. 9).[1]
2. Memorandum of Law in Support of the United States of America's *Ex Parte* Application for an Additional One-Hundred-and-Eighty Day Extension of Time to Consider Election to Intervene, filed June 13, 2023 (ECF No. 15).

[1] Because these filings were made under seal, the United States does not have access to the electronic record to cite these pleadings in accordance with Administrative Order No. 16-MS-017. Where the United States has access to the PageID information (such as through stamped court orders), it has provided it.

3. Memorandum of Law in Support of the United States of America's *Ex Parte* Application for an Additional One-Hundred-and-Eighty Day Extension of Time to Consider Election to Intervene, filed December 12, 2023 (ECF No. 21).
4. The United States of America's *Ex Parte* Request for an In-Chambers Conference with the Court, filed January 23, 2024 (ECF No. 26).
5. Memorandum of Law in Support of the United States of America's *Ex Parte* Application for an Additional One-Hundred-and-Eighty Day Extension of Time to Consider Election to Intervene, filed September 4, 2024 (ECF No. 35).
6. Memorandum of Law in Support of the United States of America's *Ex Parte* Application for an Additional One-Hundred-and-Eighty Day Extension of Time to Consider Election to Intervene, filed March 11, 2025 (ECF No. 46).
7. Memorandum of Law in Support of the United States of America's *Ex Parte* Application for Partial Lifting of the Seal, filed April 25, 2025 (ECF No. 54).
8. Memorandum of Law in Support of the United States of America's *Ex Parte* Application for an Additional Forty-Five-Day Extension of Time to Make Election Decision, filed June 11, 2025 (ECF No. 60).

The Court has already ruled that these documents should be entered on the docket only in redacted form (ECF No. 71, PageID.510-512). The United States respectfully requests that that order stand. In the alternative, the United States requests the opportunity to submit revised redactions and have an *ex parte* and *in camera* hearing with the Court to provide an analysis of each proposed redaction.

As explained below, these filings were submitted *in camera* for the sole purpose of requesting extensions of the seal period and a partial lift of the seal. Each of the redacted entries

in these filings are properly sealed because they reflect the following: (1) the United States' methods of investigation, (2) confidential discussions with agency stakeholders, and/or (3) information about other investigations that may not be public. Allowing these conservative redactions balances the interests of the United States in protecting its investigative techniques and mental impressions, the court in encouraging candor from the United States about the status of sealed *qui tam* investigations, and those under investigation in preventing the disclosure of information that was never intended to become public.

**BACKGROUND**

On October 24, 2022, Relators filed this *qui tam* action on behalf of the United States to recover damages for violations of the False Claims Act (the "FCA"), 31 U.S.C. § 3729 *et seq.* Pursuant to Section 3730 of the FCA, the Relators' Complaint was filed under seal. On December 20, 2022, June 13, 2023, December 12, 2023, January 23, 2024, September 4, 2024, March 11, 2025, and June 11, 2025, the United States submitted memoranda in support of *ex parte* motions for extensions of time to make its intervention decision. In addition, on April 25, 2025, the United States submitted a memorandum in support of its *ex parte* application for a partial lifting of the seal. In these memoranda, the United States described its investigative status and strategy, reported on specific discussions with agency stakeholders, and referred to non-public investigations by other government authorities.

On August 4, 2025, the United States notified the Court of its decision to intervene in part in this *qui tam* action. With that notice, the United States requested that the entire docket be unsealed, but that only redacted copies of specified memoranda in support of seal extensions or seal lifts be unsealed. On August 15, 2025, the Court granted the United States' request and

ordered that only redacted copies of the identified filings be entered on the public docket (ECF No. 71, PageID.510-512). The United States requests that this order stand.

On November 14, 2025, the Court issued a notice of hearing "regarding sealed status of documents filed prior to November 13, 2025." (ECF No. 91, PageID.1170). On November 24, 2025, the Court ordered that the United States file a report "indicating which of the documents filed prior to November 13, 2025, should remain under seal and providing the basis for the seal to remain" (ECF No. 95, PageID.893). This report follows.

## ARGUMENT

### 1. The Language and Purpose of the FCA Support Permanently Sealing Portions of the United States' Memorandums

The FCA imposes liability on any person who, among other things, knowingly presents, or causes to be presented, a false or fraudulent claim for payment to the United States. 31 U.S.C. § 3729(a)(1). The FCA is unique in that it authorizes private persons, called relators, to bring civil "*qui tam"* actions on the United States' behalf. 31 U.S.C. § 3730(b)(1). A relator filing a *qui tam* action is required to file the complaint *in camera*, where it remains under seal for at least sixty days. 31 U.S.C. § 3730(b)(2). Within that sixty-day period, the United States may elect to intervene and proceed with the action or decline to take over the action. 31 U.S.C. § 3730(b)(2), (4). FCA investigations typically require more than sixty days to complete. Therefore, the FCA provides that "[t]he Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). *Any such motions may be supported by affidavits or other submissions in camera*." 31 U.S.C. § 3730(b)(3) (emphasis added).

The purpose of the *qui tam* seal is "to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the

Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action." S. Rep. No. 99-345, at 2 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5289. *See also United States ex rel. Summers v. LHC Grp., Inc.*, 623 F.3d 287, 292 (6th Cir. 2010), abrogated on other grounds by *State Farm Fire & Cas. Co. v. United States ex rel. Rigsby*, 580 U.S. 26 (2016) (noting that the seal exists "to permit the Government sufficient time in which it may ascertain the status quo and come to a decision as to whether it will intervene in the case filed by the relator.").

The unique structure of the *qui tam* provision causes the United States to disclose information to the court *in camera* that it ordinarily would keep confidential. When seeking seal extensions and/or lifts of the seal, the United States typically provides the court with an update on the status of its investigation and information about its evolving impressions of the allegations. Notably, the FCA also allows the United States to investigate fraud outside of the *qui tam* context and court proceedings. In these non-*qui tam* FCA investigations, neither the court nor the public is provided with investigation updates. The United States can interview witnesses, take on-the-record testimony, and issue subpoenas for documents (known as Civil Investigative Demands) before ever making a court filing. *See* 31 U.S.C. § 3733. In these non-*qui tam* actions, it is typically only after the United States has completed its investigation and elects to file a complaint that any information is provided to the court or the public. Even then, the United States rarely provides the court or the public with a step-by-step guide to its investigative steps and evolving impressions.

In addition, the text of the FCA provides only the relator's complaint must be unsealed after intervention. It is silent as to the unsealing of other filings that the statute contemplates be filed *in camera* before the United States' notice of election decision. *See* 31 U.S.C. § 3730

(referencing the unsealing of the complaint). The FCA's silence regarding unsealing other pre-intervention submissions, provided solely to the court *in camera*, creates an inference that these submissions, or at least confidential information contained therein, should remain sealed.

**2. The Standard for Limited Redactions is Met**

Courts allow pre-intervention *qui tam* filings to stay sealed where the potential harm to relators or the United States upon disclosure outweighs any potential harm to defendants or the public by nondisclosure.[2] *See, e.g.*, *United States ex rel. Howard v. Lockheed Martin Corp.*, No. 1:99-CV-285, 2007 WL 1513999, at *2 (S.D. Ohio May 22, 2007). *See also United States ex rel. Cobb-Morgan v. Memorial Hosp., Inc.*, No. 6:20-CV-171-CHB, 2022 WL 13888532, at *2 (E.D. Ky. Oct. 11, 2022) (framing the standard as, "a party seeking to maintain a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly tailored."). In analyzing the harm to the United States upon disclosure, courts "are cautious against disclosing information that could reveal confidential investigative techniques employed by the Government, jeopardize ongoing investigations or other prosecutions, or injure non-parties." *Howard*, 2007 WL 1513999, at *2. *See also Cobb-Morgan*, 2022 WL 13888532, at *2. Therefore, in *Howard*, the court conducted an *in-camera* review of the United States' proposed redactions and implemented redactions that were "necessary to protect confidential investigative techniques employed by the United States

[2] In non-*qui tam* cases, the Sixth Circuit has held that parties seeking to seal documents should demonstrate on a "document-by-document, line-by-line basis" that information meets the requirements for sealing. *Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.,* 825 F.3d 299, 308 (6th Cir. 2016). The Sixth Circuit has not addressed what the standard is for pre-intervention *qui tam* filings. Regardless, the United States has conservatively redacted provisions of its memoranda that it believes discloses confidential information about its investigation or related investigations but not sought to seal the entire pre-intervention file or any filings in their entirety, consistent with *Shane Group*.

and to protect other investigations and prosecutions." Order at 2-3, *U.S. ex rel. Howard v. Lockheed Martin Corp.*, No. 1:99-CV-285, 2007 WL 1513999 (S.D. Oh. June 21, 2007). *See also* Order Granting the United States' Motion for Leave to Seal Redacted Documents, *United States ex rel. Cobb-Morgan v. Memorial Hosp., Inc.*, No. 6:20-CV-171-CHB, 2022 WL 13888532 (E.D. Ky. Nov. 14, 2022) (allowing documents to be redacted after supplemental briefing); *United States ex rel. Odom v. Se. Eye Specialists, PLLC*, 586 F. Supp. 3d 787, 793 (M.D. Tenn. 2022) (granting United States' request to redact extension memoranda where they contained investigative privilege information).

Here, the United States has conservatively redacted information in its pre-intervention memoranda that falls into one or more of the following categories: (1) investigative process information or evolving mental impressions, (2) information about coordination with agency stakeholders that is confidential and/or privileged, and/or (3) information about related, non-public investigations. The United States has a compelling interest in protecting this information to preserve its investigatory techniques, evolving subjective impressions, and the integrity and confidentiality of related investigations conducted by other government agencies or units. In addition, continued sealing of the redacted information allows the United States to be candid and detailed with the court in its pre-intervention *in camera* filings.

In contrast, nondisclosure of the redacted provisions causes little to no harm to any of the other parties to this matter or the public. No party has moved for access to these sealed documents. In addition, the United States has conferred with the intervening states (California, Connecticut, Maryland, Massachusetts, New York, and Tennessee), Relators, and Abbott and described the nature of the redactions it has sought. All parties indicated that they did not object to the redactions as described. Accordingly, the United States' interest in nondisclosure is

weighed only against the general public's right of access. Here, in no circumstance, would the public be entitled to the redacted information about the evolving status of the United States' investigation, mental impressions, or non-public investigations by other government entities.

**CONCLUSION**

For the foregoing reasons, the United States request that the Court's order, ECF No. 71, PageID.510-512, remain in effect. That order provided that all docket entries be unsealed except that only redacted copies of identified memoranda be entered on the public docket. In the alternative, the United States requests the opportunity for an *ex parte* and *in camera* conference where it can discuss specific redactions and its analysis with the Court should that be necessary.

Dated: December 2, 2025

Respectfully submitted,

TIMOTHY VERHEY
United States Attorney

*/s/ Whitney M. Schnurr*
WHITNEY M. SCHNURR
Assistant United States Attorney
U.S. Attorney's Office
Western District of Michigan
330 Ionia Avenue NW, Suite 501
Grand Rapids, MI 49503
Tel: (616) 808-2045
E-mail: Whitney.Schnurr@usdoj.gov

JAMIE ANN YAVELBERG
COLIN M. HUNTLEY
ERIN COLLERAN
ASHA NATARAJAN
Attorneys, Civil Division
United States Department of Justice
175 N. St. NE
Washington, DC 20002